(7 App. Div. 221)

### SCHANDA v. SULZBERGER.

(Supreme Court, Appellate Division, First Department.    June 29, 1896.)

LANDLORD AND TENANT—LIABILITY OF LANDLORD FOR DEFECT IN PREMISES.
    A lessee cannot recover from the lessor for personal injuries caused by the fall of a ceiling, where it does not appear that there was any agreement between the parties by which the lessor was required to keep the premises in repair.

Appeal from trial term, New York county.

Action by Josef Schanda against Ferdinand Sulzberger for personal injuries.    From a judgment dismissing the complaint and awarding $133.84 costs to defendant, plaintiff appeals.    Affirmed.

The action was brought to recover damages for injuries to plaintiff, alleged to have been caused by the negligence of the defendant.    The defendant was the owner of a flat or tenement house No. 222 East Fifty-Sixth street, in New York City.    At the time of the accident plaintiff was, and had been for about four years, a tenant of defendant, from month to month, and as such occupied the front portion of the westerly half of the first floor of the house as a dwelling, and in the front room carried on his business as a merchant tailor.    March 22, 1894, while plaintiff was working at his table in the front room, a piece of plastering upon the ceiling of the room fell down upon him, causing the injuries, for damages for which this action was brought.    The ceiling in this room was bad in 1892, and pieces commenced hanging down.    Water had come down upon it, and loosened it.    Plaintiff called the attention of defendant's agent to it, and asked to have it repaired, as it was dangerous.    By direction of the agent, plaintiff moved into a back room, and two men came and

fixed the ceiling; took some of it down, and put up new, and papered the ceiling over. It did not appear whether the plastering that fell in 1894 was that which was put on in 1892 or some part of the old plastering. At the close of the plaintiff's evidence the defendant moved for a dismissal of the complaint for want of proof of negligence on the part of the defendant, and the court granted the motion, and the plaintiff excepted. Judgment was entered upon the decision, and this appeal is taken therefrom.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Ernest Hall, for appellant.
Charles C. Nadal, for respondent.

WILLIAMS, J. We think there was not sufficient evidence for the jury as to the alleged negligence of the defendant. There was no proof that it was the duty of the defendant to keep the ceiling in repair. It in no way appears what the agreement between the parties was under which the plaintiff occupied the room at the time of the accident in March, 1894. For all that appears, it may have been the duty of the plaintiff himself to keep the ceiling in repair. It is said that two years before, when the ceiling was injured by water coming through it from above, the defendant did repair it. That injury to the ceiling, however, came from the carelessness of the other tenants above and was not an ordinary defect arising from the use of the premises. It does not follow from that circumstance that the defendant was under obligations to repair the defective condition of the ceiling which caused the plaintiff's injuries. There was no proof as to what did cause the defective condition existing in 1894,—whether it resulted from a failure to make proper repairs to the ceiling in 1892, or from some other cause subsequently intervening. There was no proof that the defendant had any knowledge or notice of any defective condition of the ceiling before the accident occurred. There was, in fact, an utter failure to prove any facts establishing negligence on the part of the defendant which caused the plaintiff's injuries. The complaint was properly dismissed, and the judgment should be affirmed, with costs. All concur.